UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL WILSON,

        Petitioner,                            Civil Case Number 19-13700

v.                                          Criminal Case Number 18-20084
                                               Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING MOTIONS FOR RELIEF FROM
RULING DENYING LEAVE TO FILE AMENDED PETITION**

On February 4, 2020, the Court issued an order denying the petitioner's motion to amend his petition via 28 U.S.C. § 2255 to add a claim that his conviction for using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) was constitutionally defective because it was premised on his contemporaneous convictions for attempted murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), and assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3). The Court subsequently denied a motion for reconsideration of that ruling, a motion to "amend or correct" the order denying leave to amend under Federal Rule of Civil Procedure 59, and a "motion to appeal" the ruling or for further reconsideration. Since then, the petitioner has filed three more motions presenting various other iterations of requests for the Court to revisit its ruling denying the request to add a new claim to the 2255 petition.

In its previous orders, the Court explained at considerable length why the claim that the petitioner proposed to add to his petition is foreclosed by controlling circuit law, and those reasons need not be repeated here. It is enough to note that amendment of pleadings properly is denied where, as here, the proposed new claim is frivolous and could not withstand a motion to dismiss. *Fisher v. Roberts*, 125 F.3d 974, 977, 978 (6th Cir. 1997). Moreover, under any of the pertinent

standards for revisiting prior rulings, the petitioner would have to identify in the first instance some factual or legal error in the Court's reasoning for denying the amendment. *See* Fed. R. Civ. P. 60(a), (b); Fed. R. Civ. P. 59(e); E.D. Mich. LR 7.1(h)(3). Here there was none. Moreover, none of the procedural devices through which the petitioner attempts to induce the Court to revisit its prior ruling are permissible avenues for a disappointed movant merely to reargue issues previously fully considered and addressed by the Court. E.D. Mich. LR 7.1(h)(3); *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). No matter how, or how many times, the request may be presented, the desired amendment still is foreclosed, and neither the petitioner's missives nor the passage of time have persuaded the Court otherwise.

Accordingly, it is **ORDERED** that the petitioner's motions for relief (ECF No. 89, 99, 100) are **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   May 28, 2020