UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL WILSON,       CIVIL NO. 19-cv-13700
    Plaintiff/Petitioner      CRIMINAL NO. 18-cr-20084
                                   HONORABLE DAVID M. LAWSON

v.

UNITED STATES OF AMERICA,
    Defendant/Respondent.
_____/

## THE UNITED STATES'S BRIEF AND RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO AMEND HIS §2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

## INTRODUCTION

Petitioner Khalil Wilson seeks permission to amend his motion to vacate his sentence under 28 U.S.C. § 2255 to allege ineffective assistance of counsel. Petitioner claims his attorney did not explain several elements of the offenses to which he pleaded guilty and how the government's evidence established those elements. Petitioner's request should be denied because his own statements at the plea hearing belie his claim. Petitioner's unsupported conclusory allegations are contradicted by the plea record, and other evidence, and are subject to summary dismissal. The petitioner's proposed amendment is not supported by the record and other evidence. Petitioner cannot prove counsel was deficient and his motion to amend his §2255 motion should be denied in its entirety.

# ARGUMENT

## Petitioner's Unsupported Conclusory Allegations Are Subject to Summary Dismissal

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003) (Gadola, J.).

The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical stages of the criminal proceedings.'" *Missouri v. Frye,* 132 S.Ct. 1399, 1405 (2012)(citations omitted). Critical stages include entry of a guilty plea. *Id.* Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *McMann v. Richardson,* 397 U.S. 759, 771 (1970). Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to establish a claim of ineffective assistance of counsel petitioner Gibson must show two things: "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Id*. at 697. The Supreme Court in *Strickland* stated:

> In determining whether counsel's performance was deficient, [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . .  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

Claims of ineffective assistance of counsel in the plea bargain context are also governed by the two-part test set forth in *Strickland*. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). To establish ineffective assistance of counsel, petitioner Wilson must demonstrate (1) that counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* at 57–59; *Strickland,* 466 U.S. at 687–88.

In his proposed amendment, petitioner makes conclusory allegations that his attorney was deficient and did not explain the elements of the crimes nor the government's evidence which establishes the elements. Petitioner's allegations are directly contradicted by his statements during the plea colloquy and are subject to summary dismissal. The Supreme Court has explained the importance and weight of representations made during plea hearings as follows:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea,

3

> constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

During the plea colloquy, petitioner said his attorney explained both the elements of the offenses charged and the government's evidence which established those elements. (R. 67: Plea Hr'g, 292). In fact, petitioner said that they discussed the advantages and disadvantages of pleading guilty versus going to trial. *Id.*

On July 7, 2020, government's counsel spoke with petitioner's plea counsel about petitioner's current allegations. Defense counsel stated he met with petitioner numerous times to discuss the elements of the crimes, and the government's evidence proving those elements, in the context of discussing the advantages and disadvantages of pleading guilty (and cooperating) versus going to trial. They discussed the government's evidence such as petitioner's perceived violation of the terms of a proffer letter. (Ex. A: Proffer letter). Counsel said they discussed petitioner's representations—perceived by the government as false, in breach of the proffer letter, and admissible—which were charged in count five of the indictment. (R.1: Indictment, at pp. 7–8). They discussed how petitioner's claim that his Uzi did not fire would be contradicted by a lab analysis proving the

4

weapon worked. (Ex. B.: Redacted FBI 302 reports of petitioner's proffer statements to FBI; Ex. C.: FBI report on seizure of Uzi; Ex. D.: MSP lab report; Ex. E: Photos of the Uzi; R.1: Indictment, at pp. 7–8). Petitioner's counsel said they also discussed the government's cell phone cell site analysis which depicted co-defendant Bailey's phone leaving Bailey's Seward Street home, traveling to petitioner's home on Vaughn Street (to get petitioner), traveling to Rosemont Street to get a third person (who subsequently became a government cooperating witness) who would contradict petitioner's gun mishap claim at trial, and then the Bailey phone retracing the same route after the shooting and returning to the Seward Street home. (Ex. F.: Cell site analysis). Lastly, counsel provided email correspondence with government's co-counsel which supports his jail visits with petitioner to discuss the evidence and elements with petitioner. One email involved counsel gathering additional discovery materials from the government in preparation for a jail visit and discussion with petitioner. The other involved counsel leaving the jail after his last such discussion with petitioner prior to petitioner's guilty plea. (Ex. G.: April 5-6, 2018 Email; Ex. H: August 28, 2018 Email).

    Petitioner's potential amended claims are contradicted by the plea record, counsel was not deficient, and petitioner's motion should be denied in its entirety.

5

                              Respectfully submitted,

                              MATTHEW SCHNEIDER
                              United States Attorney

                              <u>s/Terrence Haugabook</u>
                              TERRENCE R. HAUGABOOK
                              Assistant United States Attorney
                              211 W. Fort Street, Suite 2001
                              Detroit, MI 48226-3211
                              Terrence.haugabook@usdoj.gov
                              (313) 226-9157

Date: July 9, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2020, I filed the foregoing with the court via ECF. In accordance with the government's protocol during the Covid-19 pandemic, a copy of the foregoing will either be mailed to an attorney for the BOP for delivery to petitioner, or mailed on the next allowed admittance to the government's office (to conduct outbound mailings) to the petitioner at the following:

      Khalil Wilson, Reg. No. 55086-039
      FCI McDowell
      P.O. Box 1009, Welch, WV 24801

                                      s/Terrence R. Haugabook
July 9, 2020                                    Terrence R. Haugabook
                                                  Assistant U.S. Attorney